UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CIVIL NO. 2:11-cv-00489-GZS |
| | ) |
| ESTATE OF MARJORIE L. CHURCHILL, | ) |
| c/o CLAYTON W. CHURCHILL, | ) |
| CLAYTON W. CHURCHILL, KATHERINE | ) |
| ZUNIGA, KAREN CHURCHILL, AND | ) |
| CHARLES STOLL, THE LIVING HEIRS OF | ) |
| MARJORIE L. CHURCHILL. | ) |

## JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on the promissory note and mortgage, and defendants, Estate of Marjorie L. Churchill and Clayton W. Churchill, Katherine Zuniga, Karen Churchill and Charles Stoll, the Living Heirs of Marjorie L. Churchill having been defaulted; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the complaint; and it appearing from the Declaration of Kimberley P. Meikle that Marjorie L. Churchill is deceased and is neither an infant nor incompetent, nor in the military service of the United States, and the total amount due to the United States, Department of Housing and Urban Development is $242,462.26, together with interest and costs; now upon Plaintiff's Motion for Default Judgment, it is:

ORDERED, ADJUDGED, AND DECREED that:

1. Motion for Default Judgment as to defendants, Estate of Marjorie L. Churchill and Clayton W. Churchill, Katherine Zuniga, Karen Churchill and Charles Stoll, the Living Heirs of

Marjorie L. Churchill is granted for the plaintiff.

2. Marjorie L. Churchill has breached the conditions of plaintiff's mortgage.

3. The real property, which is the subject of this action and judgment, is as described in the complaint and as described in an adjustable rate home equity conversion mortgage executed by Marjorie L. Churchill recorded in the Cumberland County Registry of Deeds in Book 23336, Page 194.

4. There is due the United States, Farm Service Agency the sum of $184,353.28, accrued interest in the amount of $46,328.99, service fee of $2,590.00, MIP of $9,189.99, for a total of $242,462.26, with per diem interest after December 31, 2011, of $14.08, plus costs of collection, including other amounts which may become due under said Promissory Note and under the terms of the Mortgage, plus costs.

5. If the Estate of Marjorie L. Churchill, its successors, heirs, or assigns does not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the U.S. Department of Housing and Urban Development, on behalf of the plaintiff, shall sell the mortgaged real property at public sale pursuant to the requirements of 28 U.S.C. Section 2001, 2002, and 2004, 14 M.R.S.A. Sections 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Cumberland County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

6. The Estate of Marjorie L. Churchill shall deliver possession of the real property to plaintiff within ten (10) days after the foreclosure sale.

7.  The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale.  The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8.  The plaintiff may bid at the foreclosure sale.  If it is the successful bidder, it need not remit any funds to the Marshal provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale.  The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff.  Such deed shall convey the premises free and clear of all interests of Marjorie L. Churchill and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Cumberland County Registry of Deeds.  Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

9.  If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises.  From the proceeds of the sale of the real property and personal property, the Marshal shall first pay all costs including the costs and expenses of sale; then he shall pay the U.S. Department of Housing and Urban Development the principal amount due on its mortgage of $ of $184,353.28, accrued interest in the amount of $46,328.99, service fee of $2,590.00, MIP of $9,189.99, for a total of $242,462.26, with per diem interest after December 31, 2011, of $14.08, plus any advances made thereafter under the terms of the mortgage and costs, plus interest at the legal rate from the date of judgment to the date of sale

and costs of suit. There being no other parties that have appeared in this action, any surplusage shall then be remitted to the Estate of Marjorie L. Churchill.

10. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk. If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

Dated: April 6, 2012

/s/ George Z. Singal
George Z. Singal
U.S. District Court Judge